**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR07-068-01S** |
| | ) | |
| **ANTHONY RAY** | ) | |

---

## DEFENDANT'S SENTENCING MEMORANDUM

## INTRODUCTION

Through counsel, Anthony Ray files the following Sentencing Memorandum setting forth the factors the Court should consider in determining the sentence that is "sufficient but no greater than necessary" to comply with the statutory directives set forth in 18 U.S.C. § 3553(a). This Memorandum is submitted in support of Mr. Ray's motion for sentencing consideration advocating a sentence outside of the advisory guideline range. Mr. Ray respectfully requests that this Court consider imposing a sentence in the range of twelve to eighteen months.

## BACKGROUND

On March 22, 2007 a Providence Police patrol officer arrested Mr. Ray and charged him with several charges related to his possession of a firearm and controlled substance.[1] At the time of his arrest Mr. Ray was under the supervision of pretrial services prior to a voluntary surrender

---

[1] The charges originally brought by the Providence Police were reviewed by the Attorney General's Office during the felony screening process as is the State mandated procedure. The Attorney General's Office then determined that the appropriate charges against Mr. Ray were simple possession of a controlled substance, carrying a pistol without a license and driving on an expired driver's license. The more serious charges originally brought by the Providence Police were either amended or no information was signed. Unofficial docket reports of the original district court case and the charged superior court cases are attached to this memorandum.

date of April 16, 2007. Mr. Ray was to begin serving a forty six month federal sentence for Conspiracy to Steal Royalty Funds and Tax Evasion. Mr. Ray acknowledged his culpability to the police and accepted responsibility for his actions.

Mr. Ray was subsequently charged in federal court with being a felon in possession of a firearm. Mr. Ray appeared before the Honorable William E. Smith and pled guilty to the single count indictment.

**SENTENCING CONSIDERATIONS**

In determining the appropriate sentence for a criminal defendant the court is bound to consider the sentencing factors set forth in 18 U.S.C. §3553(a). After taking all of those factors into account the court must impose a sentence that is "sufficient, but not greater than necessary" to achieve the goals and purposes of sentencing. 18 U.S.C. §3553(a)[2]. This provision, the so called "parsimony provision", is the umbrella under which all other sentencing factors and considerations fall. It represents the ultimate goal of sentencing and reflects the maximum sentence that a court may impose regardless of what is recommended by the advisory guidelines. *United States v. Denardi*, 892 F.2d 269, 276-77 (3rd Cir. 1989) (Becker, J., concurring in part, dissenting in part).

The landmark United States Supreme Court decision in *U.S. v. Booker*, 543 U.S. 220

---

[2]The purposes of sentencing are set forth in 18 U.S.C. §3553 (a)(2), that statute provides that the court must consider;

> the need for the sentence imposed-
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> ( C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

(2005) changed the way that federal judges engage in sentencing decisions and rendered the Federal Sentencing Guidelines advisory rather than mandatory. Until the recent United States Supreme Court decision in *Rita v. United States, No. 5754, 2007 U.S. Lexis 8269 (June 21, 2007),* District Courts in the First Circuit have engaged in a three part analysis to arrive at a sentence for criminal defendants. That analysis since Booker and has become a system where the district judge calculates the advisory guideline range, any applicable departures and then determines whether or not to vary from the guidelines sentence.

The defendant respectfully requests that this Honorable Court impose a sentence below the advisory guideline range.

**NATURE AND CIRCUMSTANCES OF THE CHARGE**

18 U.S.C. §3553(a) directs sentencing courts to consider several factors when determining the appropriate sentence for a criminal defendant. The court must consider; "the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" Mr. Ray was arrested with a gun after having been convicted of felony offense. That is of course a serious offense. Upon his arrest Mr. Ray waived his Miranda rights and agreed to speak to the police. He acknowledged possession of the gun and told them that he had the gun for his own protection. Mr. Ray further stated that he had been stabbed several months earlier and as a result of that incident had acquired the gun to protect himself.[3]

**DETERRENCE**

The other important factors that the court must consider in determining an appropriate

---

[3] He also acknowledged possession of the cocaine and indicated that it was for personal use. The subsequent amendment of this charge in State court would tend to corroborate that statement.

sentence for Mr. Ray are deterrence of future criminal activity both by this defendant and by others and the need to provide for his educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553. Mr. Ray clearly needs to engage in education and substance abuse treatment programs. Any sentence that this court imposes would be consecutive to the nearly four year sentence that he has already been ordered to serve in his earlier case. A sentence of twelve to eighteen months consecutive to the forty six months would certainly provide adequate deterrence and opportunity for education and substance abuse counseling. No greater deterrent effect would be realized by a longer sentence.

## ACCEPTANCE OF RESPONSIBILITY

Mr. Ray has demonstrated significant acceptance of responsibility in this case. When first approached and questioned by the police he cooperated and acknowledged his possession of the gun. When he was questioned at the Providence Police station he candidly spoke to the police and acknowledged his conduct. He further accepted responsibility by agreeing to plead guilty to the indictment in this case.

## CONCLUSION

For all of these reasons, Mr. Ray respectfully requests that this court sentence him to a term of imprisonment of twelve to eighteen months. A more severe sentence in this case would not achieve greater justice, deterrence, incapacitation, or rehabilitation.

Respectfully submitted
Anthony Ray
By his attorney,

/s/Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste 300

Providence, RI 02903
(401) 528-4281FAX 528-4285
mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that a copy of this memorandum was delivered by hand-delivery to Lee Vilker, Assistant United States Attorney and Heather McLoughlin, USPO, on July 27, 2007.

/s/ Mary S. McElroy